IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAMMY WYNETTE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 14-2128-JDT-dkv |
| | ) | |
| | ) | |
| AUDREY DENISE DURDEN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On February 24, 2014, Plaintiff Tammy Wynette Thomas filed a *pro se* civil complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*.[1] (D.E. 4.) On March 17, 2014, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). (D.E. 5.) Objections to the R&R were due on or before April 3, 2014. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

Plaintiff alleges that Defendant Audrey Denise Durden stole lottery tickets from her. Plaintiff further alleges that at least some of the tickets were cashed in and that Ms. Durden concealed the theft by having her family members cash them in. Magistrate Judge Vescovo has recommended the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. Specifically, she noted the complaint contains no allegations suggesting that the Defendants acted under color of state law. Therefore, the Defendants appear to be purely private parties, and Plaintiff has no claim against them under 42 U.S.C. § 1983.[2]

Having reviewed the complaint and the law, the Court agrees with Magistrate Judge Vescovo's recommendation. Therefore, the Court ADOPTS the R&R and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed

---

[2] The allegations of the complaint also fail to demonstrate that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Therefore, if Plaintiff is attempting to assert her claims under Tennessee law instead of federal law, the complaint is subject to dismissal for lack of subject-matter jurisdiction.

in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.